IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID C. DAVIS, | § | |
| | § | |
| Defendant Below, | § | No. 578, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1212002650 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 14, 2015
Decided: January 28, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

### **O R D E R**

This 28th day of January 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, David C. Davis, filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Davis' opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, on March 20, 2014, Davis pled guilty to Terroristic Threatening in the First Degree and Arson in the Third Degree. As part of the plea agreement, Davis agreed that he was eligible for habitual offender

sentencing under 11 *Del. C.* § 4214(a). The State indicated that it would seek habitual offender sentencing for the Terroristic Threatening in the First Degree charge.

(3) On March 25, 2014, the State filed a motion to declare Davis an habitual offender under 11 *Del. C.* § 4214(a). The Superior Court declared Davis an habitual offender on June 6, 2014. Davis was sentenced as follows: (i) for Reckless Endangering in the First Degree, as an habitual offender, ten years of Level V incarceration; (ii) for Arson in the Third Degree, one year of Level V incarceration, suspended for 1 one year of Level IV at the Department of Correction's discretion, suspended after six months for six months of Level III probation. Davis did not appeal the Superior Courts judgment. Instead, Davis filed unsuccessful motions for reduction of sentence, postconviction relief under Superior Court Criminal Rule 61, and sentencing transcripts, discovery, and police reports.

(4) On September 21, 2015, Davis filed a motion for correction of sentence. The Superior Court denied the motion, concluding that the sentence was imposed under a plea agreement, the motion was untimely and there were no extraordinary circumstances supporting consideration of the motion, the motion was repetitive, the sentence was appropriate for all of the reasons stated at the time of sentencing, and Davis had an extensive criminal history. This appeal followed.

On appeal, Davis requested the indictment, discovery, and sentencing transcript at State expense. The Superior Court denied Davis' request.

(5) In his opening brief, Davis contends that: (i) the Superior Court erred in treating his motion for correction of sentence like a motion under Rule 35(b) instead of Rule 35(a); (ii) his sentence is illegal because it includes probation and no probation can be imposed under 11 *Del. C.* § 4214; (iii) there are double jeopardy violations; (iv) he did not receive a proper habitual offender hearing under 11 *Del. C.* § 4214; (v) the Superior Court failed to state its reasons for deviating from the guidelines in the Delaware Sentencing Accountability Commission Benchbook ("SENTAC Guidelines"); (vi) he should have been provided with treatment; and (vii) the Superior Court erred in denying his request for his indictment, discovery, and sentencing transcript.

(6) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion.[1] To the extent the claim involves a question of law, we review the claim *de novo*.[2] A motion to correct an illegal sentence under Rule 35(a) may be filed at any time.[3] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Id.*
[3] Super. Ct. R. 35(a).

3

imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[4] A motion to correct a sentence imposed in an illegal manner or a motion for reduction of sentence filed more than ninety days after imposition of the sentence will be considered only in extraordinary circumstances or if the Department of Correction files an application under 11 *Del. C.* § 4217.[5]

(7) Only two of Davis' claims—that his sentence is illegal because it includes probation in violation of 11 *Del. C.* § 4214 and because it violates double jeopardy—implicate Rule 35(a) and did not have to be filed within ninety days of the imposition of Davis' sentence. Both of these claims are without merit. First, Davis was not sentenced as an habitual offender for Arson in the Third Degree, which is the sentence that included probation. Second, Davis' knowing and voluntary guilty plea waives any claim of a double jeopardy violation.[6]

(8) Davis' claims regarding his habitual offender hearing and the Superior Court's deviation from SENTAC Guidelines relate to the manner in which his sentence was imposed. Absent extraordinary circumstances or an application by the Department of Correction under 11 *Del. C.* § 4217, the Superior Court will not consider a motion for correction of a sentence imposed in an illegal

---

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] Super. Ct. Crim. R. 35(a), (b).
[6] *Lanzo v. State*, 2015 WL 5120872, at *1 (Del. Aug. 22, 2013); *Bowers v. State*, 2007 WL 2359553, at *1 (Del. Aug. 20, 2007).

manner filed more than ninety days after imposition of the sentence.[7] Davis filed his motion for correction of sentence more than ninety days after the imposition of his sentence. Davis has not shown any extraordinary circumstances warranting consideration of his untimely motion for correction of sentence. The record reflects that Davis agreed he was eligible for habitual offender sentencing as part of his guilty plea and that the sentencing judge was concerned by Davis' lengthy criminal history and limited remorse. No application was filed by the Department of Correction under 11 *Del. C.* § 4217.

(9) As to Davis' claim that he should have received treatment as part of his sentence, this claim is contrary to the terms of his sentence. As part of his sentence, Davis must complete an anger management treatment program, receive a mental health evaluation and follow any recommendations for counseling and treatment, and receive a substance abuse evaluation and follow any recommendations for treatment, counseling, and screening. To the extent Davis is claiming he should have received treatment as part of his sentences in different criminal proceedings, that claim is outside the scope of this appeal.

(10) Finally, the Superior Court did not err in denying Davis' request for his indictment, sentencing transcript, and discovery at State expense. Davis claims that he needs these documents in order to raise claims of ineffective assistance of

---

[7] *See supra* ¶ 6.

counsel, determine whether there was a proper habitual offender hearing, and review whether his charges were legal. This claim is without merit.

(11) The proper procedural vehicle for an ineffective assistance of counsel claim is Rule 61, not Rule 35.[8] Davis filed a motion for correction of sentence under Rule 35, not a motion for postconviction relief under Rule 61. Davis' attacks on his charges are also outside the scope of Rule 35(a).[9] As previously discussed, Davis' claim regarding the habitual offender hearing was untimely.[10] Thus, none of the documents sought by Davis were necessary for his motion for correction of sentence and the Superior Court did not err in denying Davis' motion for these documents.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[8] *Cochran v. State*, 2007 WL 28182870, *2 (Del. Sept. 28, 2007); *Glenn v. State*, 2003 WL 21714083, at *1 (Del. July 21, 2003).
[9] *Brittingham v. State*, 705 A.2d at 578.
[10] *See supra* ¶ 10.

6